**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4332

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDMOND J. FAISON, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter D. Kelley, Jr., District Judge. (2:04-cr-00182-WDK)

———————

Argued: November 29, 2006              Decided: October 4, 2007

———————

Before NIEMEYER and MOTZ, Circuit Judges, and WIDENER,[*] Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Larry Mark Dash, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Joseph L. Kosky, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Acting Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney,

———————

[*]Judge Widener heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edmond Faison was indicted in two counts for violating Virginia's motor vehicle laws in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 13 (the assimilation statute). Count I charged him with driving a motor vehicle after having been declared a habitual offender, in violation of Virginia Code Ann. § 46.2-301, and Count II charged him with driving a motor vehicle with a suspended license, in violation of Virginia Code Ann. § 42.2-357(B)(3). After a bench trial, the district court found Faison guilty and sentenced him to 30 months' imprisonment on Count I and 12 months' imprisonment on Count II, to run concurrently.

On appeal, Faison challenges the district court's denial of his motion to dismiss based on his claim that the road on which he was driving within the special territorial jurisdiction of the United States was not a Virginia "highway," as required by the substantive Virginia offenses, and the denial of his motion to dismiss based on his claim that he was denied his rights under the Speedy Trial Act, 18 U.S.C. § 3161.

Following United States v. Hill, 473 F.3d 112 (4th Cir. 2007), we conclude that the road in question was a Virginia "highway." Also, because 18 U.S.C. § 3161(h)(1)(F) excludes for purposes of the Speedy Trial Act time between the filing of a pretrial motion and the hearing on it, we conclude that Faison's

right to a speedy trial was not infringed. Accordingly, we affirm.

I

Faison contends first that the district court erred in finding that the access road to Naval Amphibious Base Little Creek in Virginia Beach, Virginia, is a "highway" under Virginia law because "the Installation Commander has exclusive authority over the property and exercised that authority to restrict public access to the property." He argues that because of the Installation Commander's control, the road on which he was driving was not "open to the use of the public for purposes of vehicular traffic in the Commonwealth," as a "highway" is defined in the Virginia Code. See Va. Code Ann. § 46.2-100.

The relevant facts are not disputed. On March 22, 2004, Faison turned from Shore Drive in Virginia Beach onto Nider Boulevard, which is located entirely on the United States Naval Amphibious Base Little Creek. After driving about 200 yards down Nider Boulevard, Faison came to Gate 4, which guarded access to the base. A security officer at Gate 4 requested Faison's driver's license and registration, but Faison could only produce a Virginia state identification card. The officer then discovered that Faison's driver's license had been revoked and that Faison had been classified as a habitual offender under Virginia law. Faison was indicted in two counts for violating Virginia's motor

-4-

vehicle laws in the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 13, which assimilates Virginia law, and he was arrested pursuant to a warrant on March 17, 2005.

Faison filed a motion to dismiss his indictment, arguing that he was not on a Virginia "highway," a fact required by both counts. The district court denied his motion.

Faison now contends that the district court erred and that Nider Boulevard is not a "highway" because it was not sufficiently open to the public to be considered a highway under Virginia law. His argument, however, is foreclosed by our recent decision in United States v. Hill, 473 F.3d 112 (4th Cir. 2007). In Hill, the defendant drove down the very stretch of road that Faison drove down -- the 200 yards of Nider Boulevard between Shore Drive and Gate 4 of the naval base in Virginia Beach, see 473 F.3d at 113-14 -- and raised the very same argument that Faison now raises -- that this stretch of road was not a "highway" for purposes of the charged offenses. We rejected Hill's argument, finding that there were "no restrictions on vehicular public use" of the road at the time of his conduct. Hill, 473 F.3d at 116. Because Faison was likewise able to traverse Nider Boulevard without confronting barriers or any other impediments at the time of the offense, we follow Hill and conclude that the road in question was a Virginia "highway." Accordingly, we reject Faison's first argument.

Faison also contends that the district court erred in denying his motion to dismiss based on a violation of his rights to a trial within 70 days, as provided by the Speedy Trial Act, 18 U.S.C. § 3161.  By his calculation, there was a 126-day lapse of time on the "speedy trial clock" between his initial appearance in March 2005 and trial in December 2005, which violated his right to a trial within 70 days.  The government argues that most of the time between April 2005 and December 2005 is excludable because during that time the court considered Faison's motion to dismiss based on his Virginia-"highway" argument.

The factual circumstances giving rise to the differences between the parties are again undisputed.  Faison filed his motion to dismiss on April 20, 2005, and on May 17, 2005, the district court conducted an evidentiary hearing, following which it orally granted Faison's motion, subject to a written disposition.  On June 14, 2005, while the matter was yet pending with the district court, the government filed a motion for reconsideration.  Thereafter, the government filed three supplemental briefs with the court, one on July 7, a second on July 27, and a third on October 28.  The court reheard the motion on November 18, 2005, and resolved it on November 22, 2005, reversing itself and denying Faison's motion to dismiss.  The case then proceeded to trial on December 5, 2005.

Faison's argument is based on the contention that the district court had 30 days following the government's filing of the motion for reconsideration to resolve it, and if it did not resolve it within 30 days, the speedy trial clock resumed running. See 18 U.S.C. § 3161(h)(1)(J). While Faison relies on § 3161(h)(1)(J), we conclude that the relevant provision is § 3161(h)(1)(F), which excludes a period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Thus, when a motion that requires a hearing is filed, § 3161(h)(1)(F) excludes from the Speedy Trial Act calculation "all time between the filing of a motion and a conclusion of a hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" Henderson v. United States, 476 U.S. 321, 330 (1986); see also United States v. Bush, 404 F.3d 263, 273 (4th Cir. 2005) (following Henderson).

In the present case, it is clear that the government's motion to reconsider required a hearing prior to the court's disposition. In the opinion denying Faison's Speedy Trial Act motion, the district court noted that it "believed a hearing [on the "highway" issue] to be necessary," as "the question of whether Nider Boulevard is a 'highway' under the laws of Virginia has been a difficult question for this Court to answer." In fact, the district court maintained in its decision that it "would have

-7-

scheduled oral argument on the motion for reconsideration had the parties not addressed the issue at the pre-trial release violation hearing."  In view of the court's own observations about the necessity of a hearing, we "defer[] . . . to the district court's conclusion that the reconsideration motions were of the type that required a hearing and [] absent 'obvious subterfuge' by the district court, 'we are loath to question the Court's judgment.'" United States v. Maxwell, 351 F.3d 35, 39 (1st Cir. 2003) (quoting United States v. Salimonu, 182 F.3d 63, 67 (1st Cir. 1999)); see also United States v. Dunn, 345 F.3d 1285, 1294 (11th Cir. 2003) ("[A]ppellate courts generally have been reluctant to question the judgment of a district court that a hearing is required").

Furthermore, there can be no question that a hearing on the government's motion for reconsideration actually occurred for purposes of § 3161(h)(1)(F).  Even though the initial purpose for the hearing on November 18, 2005 was Faison's bond violation, the motion for reconsideration was raised by Faison's counsel at the outset of the hearing and was argued by both parties for the duration.  While the hearing was not originally scheduled for the resolution of the government's motion for reconsideration, the legal question raised by that motion and the three supplemental briefs dominated the proceedings to such an extent that it unquestionably resulted in a hearing on the motion.  Cf. United States v. Staula, 80 F.3d 596, 602 (1st Cir. 1996) ("We hold that

-8-

a hearing is any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion"); United States v. Tannehill, 49 F.3d 1049, 1053 (5th Cir. 1995), ("'hearing' . . . includes a situation . . . in which the district court hears the argument of, and questions, counsel for the party against whom the ruling on the motion is made").

Accordingly, the period of time between the government's filing of its motion to reconsider on June 14, 2005, and the related hearing on November 18, 2005, is excluded from the calculation under the Speedy Trial Act.  Additionally, the period after that hearing and before the court's decision granting the motion to reconsider on November 22, 2005, is excluded under § 3161(h)(1)(J).  See Henderson, 476 U.S. at 331.  With these determinations, Faison's speedy trial clock ran far less than the 70-days maximum period established by the Speedy Trial Act.

For the reasons given, the judgment of the district court is

AFFIRMED.